# CHARLESTON.

## Core *v.* Cunningham *et al.*

### Submitted June 19, 1885.—Decided December 5, 1885.

1. Transfers of property either directly or indirectly by an insolvent husband to his wife during coverture are justly regarded with suspicion, and unless it clearly appears, that the consideration was paid from the separate estate of the wife or by some one for her out of means not derived either directly or remotely from the husband, such transfers will be held fraudulent and avoid void as to the creditors of the husband. (p. 209.)

2. A conveyance of land made by a third person to a wife, which is *fraudulent in fact,* will be held void as to subsequent as well as existing creditors of the husband. (p. 210.)

3. Where the facts and circumstances connected with a fraudulent conveyance necessarily establish complicity of the grantee in the fraudulent intent, it is not necessary by direct proof to show notice of such intent to the grantee (p. 210.)

4. A deed, though fraudulent and void as to creditors, is nevertheless valid and binding between the parties to the fraud, which brought it into existence.   (p. 210.)

5. In a suit brought to have a conveyance of land declared void as to creditors and to subject the land to the payment of the debts of such creditors it is not required by the statute or the general law on the subject, that all the creditors of the fraudulent grantor or debtor should be convened, and their debts reported, nor that it should be ascertained, whether the rents will pay off the debts in five years, before there can be a decree for the sale of such land.   (p. 210.)

*Loomis & Tavenner* for appellant.

*Cole & Miller* for appellee.

SNYDER, JUDGE:

Suit in equity brought in the circuit court of Wood county by A. S. Core against J. W. Cunningham and Melissa, his wife, and E. J. Knight and Martin Durkin partners as Knight & Durkin, to subject certain land to the payment of a judgement due the plaintiff, from the defendant J. W. Cunningham.

The plaintiff's bill was filed at the October rules, 1882, and alleges in substance, that J. W. Cunningham, on March 7, 1882, confessed a judgment before a justice of Ritchie county in favor of the plaintiff for $261.96, and costs, which is unpaid; that in 1881 said Cunningham purchased from Knight & Durkin a tract of 100 acres of land in Wood county at the price of $500.00, all or the larger portion of which he has paid to Knight & Durkin; that the deed for the land has not been made or if made has not been recorded, and if made it has been made either to the wife of Cunningham or to some person for her use for the purpose of hindering, delaying and defrauding the plaintiff and other creditors of Cunningham; that the wife had no separate estate or property to make said purchase, and that said Cunningham has been in the possession of, and using, the land as his own ever since the purchase.

All the defendants answered the bill and deny that there was any fraud in said purchase or any purpose to hinder, delay or defraud any one; that the land was in good faith sold to and purchased by the said Melissa Cunningham; that a

deed was made to her for it by Knight & Durkin on December 9, 1881, which was duly recorded in Wood county on the 28th day of said month; that at the time of the conveyance to her the said Melissa paid from her own separate funds $100.00 and gave her two notes, one for $300.00 due one day after date, and the other for $100.00 due at seven months, for the residue of the purchase-money, and a lien was retained in the deed to secure the payment of said notes, and that said notes are still unpaid.

Replications were filed to the answers and depositions taken and filed by the respective parties.

On July 21, 1883, the court decreed that J. W. Cunningham should pay to the plaintiff $286.03, the amount of his judgment, and the costs of this suit, and that unless the said Cunningham or his wife should within thirty days pay said debt and costs, the land should be sold by a commissioner appointed for that purpose. The decree then proceeded to fix the liens and charges against the land as follows: *First*, the sum of $100.00 with interest thereon from July 9, 1882, the balance of the purchase-money due to Knight & Durkin. *Second*, $100.00 paid upon the purchase-money by Melissa Cunningham, and *Third*, the said debt and costs due to the plaintiff. From this decree the defendants, Melissa Cunningham and Knight & Durkin obtained an appeal with *supersedeas*.

The proofs show that sometime in June, 1881, and before the purchase of the land in controversy, the said J. W. Cunningham was paid by the United States government on account of a pension due him $750.00; that in August thereafter he loaned $300.00 of this money to T. C. Dickinson upon a note payable at ninety days with the plaintiff A. S. Core as surety thereon; that at the time of the purchase or soon thereafter he transferred this note to Knight & Durkin to be collected by them and the proceeds applied in payment of the purchase-money for the land, and that after the institution of this suit said note was paid by the plaintiff to Knight & Durkin. Some pretense is made in the testimony of the defendants to show that this Dickinson note was not to be credited on the land purchase, but on other transactions which took place long after between Knight & Durkin and

Cunningham.  On this question the proof is overwhelming that the proceeds of said note were to be applied on the land purchase.  There is some conflict in the testimony as to whether the husband or the wife made the cash payment of $100.00 on the land, and as to whether or not all or any part of the last note given by the wife for the land has been paid to Knight & Durkin.  I am inclined to think from the testimony and all the circumstances proved in the case that the cash payment was in fact paid by the husband or with money derived from him; and also, that a part, at least, of the last note of $100.00 given for the land ought to be regarded as paid.  But let this be as it may, the decree complained of does not prejudice the appellants, as they were allowed these claims by it.  There can be no doubt or question, that the evidence and circumstances in the cause plainly and conclusively establish, that the purchase and conveyance of the land to the wife was intended to hinder, delay and defraud the plaintiff as a creditor of the husband, and that as to him and other creditors of the husband the conveyance to the wife is void and fraudulent.  It is also conclusively proved that at least $400.00 of the purchase-money has been paid to Knight & Durkin, of which the husband paid no less than $300.00.  These facts are made so manifest by the proofs, that it would be supererogatory to do more than simply announce this conclusion.  From the repeated decisions of this Court, it seems to me, that suitors and counsel should have long since become aware of the fact, that it requires a great deal more than the raising of a simple doubt or probability to establish the right of a wife to property which she seeks to withhold from the creditors of an insolvent husband.—*Lockhard* v. *Beckeley*, 10 W. Va. 87; *Hunter* v. *Hunter*, Id. 321; *Rose* v. *Brown*, 11 Id. 122; *McMasters* v. *Edgar*, 22 Id. 673; *Stockdale* v. *Harris*, 23 Id. 499; *Herzog* v. *Weiler*, 24 Id. 199; *Maxwell* v. *Handshaw*, Id 405; *Bank* v. *Wilson*, 25 Id. 242.

Transfers of property either directly or indirectly by an insolvent husband to his wife during coverture, are justly regarded with suspicion; and unless it clearly appears that the consideration was paid from the separate estate of the wife or by some one for her out of means not derived from

the husband, either immediately or remotely, such transfers will be held fraudulent and void as to the creditors of the husband.

It is contended by the appellants that the decree is erroneous, because the bill does not allege that the debt of the plaintiff existed at the time the deed was made conveying the land to the wife; and also because the evidence does not show any fraudulent intent on the part of the wife or notice to her of any such intent on the part of her husband. The decisions of this Court above cited hold, that where the transaction is fraudulent in fact, it is void as to subsequent as well as existing creditors. In this cause the transaction and circumstances connected with it establish that the wife was necessarily cognizant of the purpose of the conveyance to her. She was a party to the fraud, and her own testimony shows that fact as well as the fact that she was used as a mere instrument to give effect to the fraud.

It is further contended for the appellants that the court should have referred the cause to a commissioner to ascertain the liens and their priorities against the land, and to ascertain whether or not the rents and profits would not pay the debts in five years. These contentions are evidently founded upon a misapprehension of the object of this suit. It is not a suit simply to enforce a judgment-lien against real estate. Its real purpose is to set aside as to the plaintiff's debt a fraudulent conveyance, and subject land in the hands of the fraudulent grantee to the payment of such debt. The deed, though ever so fraudulent as to the creditors of the grantor, or the husband who paid the purchase-money, is nevertheless valid and binding between the parties to the fraud. *Murdock* v. *Wells*, 9 W. Va. 552; *Duncan* v. *Custard*, 24 *Id.* 730. Mrs. Cunningham holds the land as her own subject to the debts of creditors of the husband against which it may be declared fraudulent. The land should be regarded and sold as hers and not as the property of her husband. In cases of this character, therefore, it is not proper to convene the husband's creditors, nor to rent the land. If the wife had asked the court to ascertain whether the rents would pay the debts charged upon it in a reasonable time, it might have done so, perhaps, as to a mere matter of justice to her, but she had no

right to require it either under the statute or the authorities on the subject.    *Rose* v. *Brown*, 11 W. Va. 122; *Hill* v. *Morehead*, 20 *Id.* 429 ; *Arnold* v. *Casner*, 22 *Id.* 444.

Having shown that land could only be sold as the property of the wife and not as the property of her husband, the decree of the circuit court is erroneous in so far as it provides for a sale of the land to pay the $100.00 of the purchase-money alleged to have been paid by her.    The court should not have directed the wife's land to be sold to pay a debt due to her.    It should simply have provided for the $100.00 due on the vendor's lien to Knight & Durkin and for the debt and costs due the plaintiff.    If either the wife or husband paid off these debts before the sale, then there could be no sale and the wife would still own and hold the land under the deed from Knight & Durkin to her.    For this error the decree of July 21, 1883, must be reversed and remanded with directions to the circuit court to enter a decree in accordance with the principles announced in this opinion and for such further proceedings as may be proper.    But as the appellant, Melissa Cunningham, by paying off the debts ascertained by the decree of July 21, 1883, to be due to Knight & Durkin, and to the plaintiff and by releasing the debt therein decreed in her favor, could have prevented a sale of the land, she was not necessarily prejudiced by said decree, the appellee, therefore, as the party substantially prevailing must recover from the appellants his costs expended upon this appeal.

REVERSED.    REMANDED.