# CHARLESTOWN.

HOLMES v. HARSHBERGER et al.

Submitted September 12, 1888.—Decided September 19, 1888.

1. FRAUDULENT CONVEYANCES——HUSBAND AND WIFE——VENDOR'S LIEN.

Where a vendor, by executory contract, sells real estate to an insolvent husband, who, after he has appreciated the value of the property by erecting a house thereon, requests the vendor to convey the same to his wife, in order to avoid the payment of a debt, and the vendor, with notice of this purpose, conveys the property to the wife, retaining in the deed a vendor's lien for the unpaid purchase-money, such conveyance and retention of lien therein will be fraudulent and void as to the creditors of the husband; and the lien so retained will be held subordinate to the debts of such creditors. But, as between the wife and the vendor,

such lien will be held binding and enforced in a court of equity, even though it includes items not originally a part of the purchase-money for the real estate.

*Edwin Maxwell* for appellant.

*Smith D. Turner* for Prince, appellee.

SNYDER, JUDGE :

Suit brought in January, 1886, by A. C. Holmes against Catharine Harshberger and her husband, I. M. Harshberger, in the Circuit Court of Doddridge county, to enforce a vendor's lien upon real estate.

The bill avers that in April,. 1883, the plaintiff sold and conveyed by deed to the female defendant a lot of land in the town of West Union, in said county, at the price of $708.25, for which she executed to him her three bonds, payable one, two, and three years after date, respectively, for which he retained a vendor's lien in the deed, and that no part of said purchase-money had been paid.

In July, 1886, B. F. Prince, on his petition, was made a party defendant to this suit. In his petition and answer, the said Prince avers that in March, 1880, the defendant, I. M. Harshberger, became indebted to him in the sum of $190.00; that on May 24, 1886, he obtained in a justice's court of said county, against said Harshberger, a judgment for $249.50, being the amount .of said indebtedness and its accrued interest to the date of the judgment; that the purchase of the lot of land in the plaintiff's bill mentioned was not made by the female defendant, as therein alleged, and was in fact made by the male defendant and conveyed to the female defendant, with the intent to hinder, delay, and defraud the creditors of the male defendant; and said Prince prays that said conveyance from Holmes to the female defendant may be declared void as to his said debt, and said lot sold to pay it.

The facts proved in the cause, so far as they relate to and are material to the controversy in this Court, are as follows : In the year 1881, the plaintiff, Holmes, sold the said lot to the defendant, I. M. Harshberger, at the price of $300.00, to be paid in one, two, and three years, and executed and delivered to Harshberger a title-bond binding himself to convey said lot to him upon the payment of the purchase-money.

Soon after said sale the said Harshberger applied to Holmes to assist him to build a dwelling-house upon said lot. It was then agreed between them that Holmes would aid Harshberger by furnishing him money and materials for building such house, with the understanding that the property should stand as security therefor. Accordingly Holmes furnished the aid promised, and Harshberger and his sons built the house and moved into it. Upon a settlement, made April 1, 1883, it was found that Harshberger was indebted to Holmes, including the original price of the lot and the means furnished to build the house, in the sum of $708.25. Then, at the request of Harshberger, the plaintiff, Holmes, took up the title-bond and executed to the wife of Harshberger a deed of that date for said house and lot, retaining a lien therein for said $708.25, for which amount the wife, at the same time, executed to Holmes her notes, reciting therein that they were given for land. No part of this $708.25 has ever been paid, and the said Harshberger and his wife had then and still have no property other than this house and lot, and the wife never had any means or separate estate with which to buy or pay for said house or lot. The property was conveyed to the wife instead of to the husband, in order to avoid the payment of a debt of the husband, which he claimed was unjust. These transactions were all had between the husband and Holmes, and nothing except the signing of the notes for said $708.25 was done personally by the wife.

Upon these facts, the Circuit Court, by its decree of September 7, 1887, held that the aforesaid deed of April 1, 1883, from Holmes to Mrs. Harshberger, was fraudulent and void as to the debt of the said B. F. Prince, but that said Holmes held a vendor's lien on the property for $300.00, with its interest, being the amount of the original price of the lot, and as to said sum, Holmes was entitled to the first lien on the house and lot, and that the said judgment of Prince was the second lien; the court therefore decreed that the said house and lot be sold, and the proceeds applied, first, to the payment of said $300.00, its interest, and the cost of the suit to Holmes; next, to the said judgment of Prince; and, as to the residue of the debt of Holmes, it reserved its decision. From this decree the plaintiff, Holmes, has appealed.

The appellant insists that the Circuit Court erred in not decreeing that the whole of his claim of $708.25 was a lien on the house and lot having priority over the judgment of said Prince, while the counsel for Prince contends that Holmes, by fraudulently conveying the property to Mrs. Harshberger, wholly vitiated his claim, and destroyed his right to recover any part of it in preference to the judgment of Prince. The controversy thus presented involves the only question to be decided on this appeal.

Our statute declares not only that every gift or conveyance made without a valuable consideration shall be void as to creditors, but it also declares that every conveyance or charge upon any estate, real or personal, made or given with intent to delay, hinder, or defraud creditors, shall be void as to such creditors. The conveyance or charge, when made with a fraudulent intent in which both parties participate, will be void as to creditors, even though made upon a full and valuable consideration. *Goshorn* v. *Snodgrass*, 17 W. Va. 717 ; *Garr* v. *Hill*, 9 N. J. Eq. 210. If a creditor takes a conveyance from his debtor to secure a just debt, and inserts in the deed provisions to delay, hinder, or defraud other creditors, such conveyance will, under the statute, be fraudulent as to other creditors, and destroy the security thus obtained. *Garland* v. *Rives*, 4 Rand. (Va.) 282 ; *Livesay* v. *Beard*, 22 W. Va. 585 ; *Mackie* v. *Cairns*, 5 Cow. 547. These cases, and others that might be cited, fully establish the doctrine that the statute avoids all conveyances or agreements made with the intent to defraud creditors. Those only are excepted or held valid which are based upon a valuable consideration and made *bona fide.*

The valuable consideration alone will not protect the conveyance or agreement from the condemnation of the statute, but the party claiming under it must have acted *bona fide* and without notice of the fraudulent intent or purpose of the other party. Whenever an agreement is made by a debtor for the purpose of defrauding his creditors, and the other contracting party aids him in that purpose, the agreement will be held void as to such creditors, no matter whether it is or is not made upon a full consideration. If both parties participate in the fraudulent purpose, the consideration is

wholly immaterial, and neither of the parties can derive or take any benefit from it as against the creditors intended to be defrauded by it. 1 Story Eq. Jur., §§ 369, 397, 398.

In the case before us there can be no question that the deed of April 1, 1883, was made by Holmes to Mrs. Harshberger, instead of to her husband, with the intent to defraud the creditors of the husband, and that Holmes had notice of this intent; for Holmes, in his deposition, after stating that he had sold the lot to the husband in 1881, testifies as follows: " I executed the deed to Catherine Harshberger, on the suggestion and direction of I. M. Harshberger. Mr. Harshberger said there was some unjust claim against him somewhere. I did not stop to inquire who or where it was, and he said, on account of this claim, he wanted it done this way." This admission shows conclusively not only that the deed was made to the wife of Harshberger for the purpose of defrauding his creditors, but that Holmes had notice of that purpose, and participated in the fraud by making the deed to the wife and taking her notes for the purchase-money. At the time this deed was made, the husband had built a house upon the lot, and thereby made it worth considerably more than the debt then due to Holmes, and the evident purpose of conveying the property to the wife was to prevent the creditors of the husband from subjecting the property in its improved condition to the payment of their debts. This rendered the transaction fraudulent and void as to such creditors, and neither Harshberger and his wife, nor Holmes, the parties who participated in the fraud, can take or claim any benefit from it as against the creditors of Harshberger. As to them, the whole transaction is void, notwithstanding the debt of Holmes was a valid and subsisting claim, and, but for his participation in the fraud, should have been decreed to be the first lien on the property. But, although the deed to Mrs. Harshberger and the lien retained therein to secure the debt due to Holmes are void as to the judgment of Prince, the said deed and lien are nevertheless valid and binding between the parties thereto. *Core* v. *Cunningham*, 27 W. Va. 206; *Cole* v. *Smith*, 24 W. Va. 287.

For the reasons aforesaid, the said decree of the Circuit Court must be reversed, and the cause remanded to said

court, with instructions to it to declare the judgment of B. F. Prince the first lien on the house and lot in the bill mentioned, and the debt of $708.25 in favor of the plaintiff, A. C. Holmes, the second lien thereon; and then to order the sale of said property to pay said liens, first paying from the proceeds of such sale the costs of this suit incurred by the plaintiff and said Prince, in the Circuit Court. But the appellee, Prince, being the party substantially prevailing in this Court, the appellant, Holmes, must pay the costs of this appeal.

REVERSED. REMANDED.