32  406
34  185

# CHARLESTON.

## Burton *v.* Gibson.

### *(Green, Judge, absent.)

Submitted January 24, 1889.—Decided March 12, 1889.

1. FRAUDULENT CONVEYANCES—WIFE'S EQUITY.

     G , who was a merchant in the town of Sissonville, Kanawha

*On account of illness.

county, W. Va., became the owner of a lot in said town contain-
ing three fourths of an acre by a deed made to him by M. and wife
on the 17th day of August, 1871. When he acquired said lot, his
wife, M. G., was the owner of a lot in the same town, which had
been conveyed to her by M. and wife by deed dated November 19,
1866, which was recorded on the 3d day of June, 1867. On the
19th of June, 1877, G. agreed with O. to exchange both of said
lots in the town of Sissonville for 390 acres of land owned by O.
on Blue creek in said county, which agreement was carried into
effect on the 23d day of September, 1877, by G. and his wife, M.
G., interchanging deeds with O. ; said G. and wife conveying to
O. said two lots in Sissonville, and O. conveying to said M. G.,
the wife of G., the said tract of 390 acres. At the time of this
exchange said G. had become involved in debt, and in February,
1879, a bill was filed by his creditors praying among other things
that the conveyance made by O. to the said wife of G. might be
set aside as fraudulent, and said 390 acres of land might be sub-
jected to sale to pay the creditors of G. represented in said bill.
HELD :

> While, under the circumstances it might be proper to de-
> cree a sale of said 390 acres of land to satisfy the claims as-
> serted in the bill, yet M. G., wife of G was entitled to a re-
> turn of the amount she contributed towards paying for said
> 390 acres to be measured by the value of said lot in Sisson-
> ville owned by her, and that before a sale of said 390 acres
> was made, the court should have directed a commissioner to
> ascertain the value of said lot in the town of Sissonville,
> which was in the name of the wife of G. on the 23d day of
> September, 1877, when it was conveyed to O., in order that
> her rights might be respected in the distribution ; and in or-
> der to do that, the value of said lot in the town of Sisson-
> ville, held at that date by G., should also have been ascer-
> tained; that is, the said M G and the said G.'s creditors are
> entitled to share in the proceeds of the Blue Creek property
> in the proportion of the value of the respective Sissonville
> properties contributed by M. G. and M. respectively to the
> purchase of said property.

*E. W. Wilson* for appellants.

*W. Mollahan* and *Brown & Jackson* for appellees.

ENGLISH, JUDGE :

This was a suit in equity, instituted by Gideon Burton and
others against John A. Gibson and others in the Circuit
Court of Kanawha county in February, 1879, the object be-
ing to set aside certain conveyances made to Mary L. Gibson
of lands situated in the said county, as fraudulent and void

as to the plaintiffs and other creditors of said John A. Gibson, and to subject the same to sale to satisfy certain judgments set forth in the plaintiff's bill.

It appears from the pleadings and exhibits filed in said suit, that the defendant Mary S. Gibson, was the owner of a lot or parcel of land in the town of Sissonville in said county containing three fourths of an acre, which was conveyed to her by one Diocletian Martin and wife by deed dated November 19, 1866, which deed was admitted to record on the 3d day of June, 1867; and that her husband, the defendant John A. Gibson, was also the owner of three fourths of an acre of land situated in town of Sissonville, which was conveyed to him by said Diocletian Martin and wife by deed dated August 17, 1871; and that on the 19th day of June, 1877, an agreement in writing was entered into between said John A. Gibson and John O'Reilley and Bernard O'Reilley, whereby said John A. Gibson agreed with the said O'Reilleys, to exchange his Sissonville property for 390 acres of land, more or less, situated on Blue Creek in Kanawha county, owned by said O'Reilleys and some minor children jointly, the said O'Reilleys covenanting with the said Gibson to secure from the court a decree directing a conveyance of the interest of said children in said tract of land; said decree was subsequently obtained, directing Bernard O'Reilley, guardian for said infants, and authorizing and empowering him to convey on behalf of said infants to John A. Gibson by proper deed the interest of said infants in said Blue Creek lands and to deliver said deed to said John A. Gibson upon his (the said John A. Gibson's) making, executing and delivering for record a deed with covenants of general warranty to said John James, Thomas Francis, Elizabeth, Sarah Jane, Peter, Charles, and Joseph O'Reilly for said two store-houses and two dwelling houses with the lots, on which the same are situated; and that in pursuance of said decree Bernard O'Reilley, as guardian for said infants, on the 23d day of September, 1877, conveyed to Mary Gibson, wife of John A. Gibson, said 390 acres of land, and on the same day the said John A. Gibson and Mary L. Gibson, his wife, conveyed to said O'Reilleys three fourths of an acre of land, the same premises which were conveyed to said John A. Gibson by

Diocletian Martin and wife by deed dated August 17, 1871, on which there was situated one dwelling-house and blacksmith shop, also three fourths of an acre, on which was situated a dwelling-house, two store-houses and a stable, which lot was conveyed to Mary Gibson by deed dated November 19, 1866, from Diocletian Martin and wife; that by deed of conveyance bearing date December 14, 1877, Charles C. Lewis conveyed to said Mary L. Gibson a certain lot in the city of Charleston in consideration of the sum of $1,000.00 which sum seems to have been previously paid by said John A. Gibson, and this lot appears to have been exchanged for 150 acres of land with one John A. Wright, which tract of 150 acres is also located in Kanawha county, and which change was effected by an interchange of deeds made by said John A. Wright and John A. Gibson and Mary L. Gibson on the 26th day of August, 1868.

The plaintiffs alleged, that at the dates of said conveyances made as aforesaid by the said Charles C. Lewis to said Mary L. Gibson the said John A. Gibson and wife to the said John A. Wright, and by the said John A. Wright to the said Mary Gibson, and at the time of the pretended conveyance made as aforesaid by the said Bernard O'Reilley, guardian, to the said Mary Gibson, or immediately theretofore, the said defendant John A. Gibson was and had been for many years engaged in mercantile business in said county of Kanawha; and that certain judgments, which are described in plaintiff's bill, and the accounts and claims, upon which said judgments were recovered against the said defendant John A. Gibson, were all contracted and made by him before the date of said last-mentioned conveyance; and that the said debts were contracted by the said defendant, John A. Gibson, upon the faith and credit of the said real estate then owned by him; that said claims are due and unpaid, and that the said defendant John A. Gibson now holds in his own name no property, from which the same may be paid and satisfied; that the said real estate conveyed to the defendant Mary L. Gibson, viz., said lot in the city of Charleston, said tract of 150 acres and the said tract of 390 acres, which latter tract is claimed and held by said defendant, Mary Gibson, under said pretended conveyance from Bernard O'Reilley, a guardian

as aforesaid, was purchased by said defendant John A. Gibson and paid for by him wholly and entirely by and out of his own money and property, and that no part thereof was paid for by or out of the money or property of the said defendant, Mary Gibson ; and that the said conveyance and the said pretended conveyance to the said defendant, Mary Gibson, were made to her without any consideration deemed valuable in law moving from her or on her part, but they and each of them were so made to her at the instance of the said defendant John A. Gibson with intent and for the purpose of delaying, hindering and defrauding the plaintiffs and the other creditors of the said John A. Gibson in the collection and enforcement of their claims against him, and for the purpose of shielding the said real estate from subjection to the payment of said debts ; that said conveyances made to said Mary L. Gibson are null and void and fraudulent, and the real estate so conveyed is liable to the said claims and judgments, and that plaintiffs are entitled to a decree for the sale of same or so much thereof, as may be necessary to satisfy and pay off said claims, debts and judgments ; and they pray, that the said conveyance made by John A. Wright and Bernard O'Reilley, guardian as aforesaid, to said Mary Gibson may be declared fraudulent, null, and void, and that said O'Reilleys be decreed to convey said 390 acres unto the defendant John A. Gibson ; and that said tracts of 150 acres and 390 acres respectively may be decreed to be sold in satisfaction and payment of the debts, claims and judgments aforesaid of plaintiffs.

The said Mary L. Gibson filed her separate answer to ⋅ plaintiffs' bill stating, that she had no personal knowledge of the various judgments claimed in plaintiff's bill to have been recovered against him ; admitting that her said husband on the 2d of October, 1873, purchased of C. C. Lewis and J. Brisben Walker the lot situated in Charleston, Kanawha county, W. Va., for the sum of $1,000.00 ; that said Lewis acquired the interest of said Walker in said lot and at the instance of her husband on the 14th of December, 1877, conveyed said lot to her, which deed was duly recorded on the 10th day of January, 1878, and that her said husband paid the purchase-money for said lot, before any or either of the

alleged liabilities in said bill mentioned had accrued against him; that she took possession of said lot under said deed and continued therein, until the exchange was made with John A. Wright for the 150 acres of land before mentioned; and at the time of taking possession of said lot neither of said liabilities had accrued. She also admits, that her said husband had been for years the owner of a lot of land in Sissonville in said county, which only contained about one fourth instead of three fourths of an acre, and instead of the buildings alleged as situated thereon there was only a one story frame dwelling-house with three rooms, and a mere skeleton frame blacksmith shop, and that the other buildings mentioned are on a lot of land formerly owned by her, which was conveyed to her on the 19th day of December, 1866, by deed of that date by Diocletian Martin and wife, which contained three fourths of an acre and adjoined the lot owned by her husband, which lot was paid for in full, at the time said deed was made and long before any of the alleged indebtedness in the plaintiffs' bill mentioned, and before her husband became acquainted with the plaintiffs. She exhibits a copy of said deed with her answer, from which it appears, that said deed was admitted to record on the 3d of June, 1867. She also admits, that said two lots in the town of Sissonville were exchanged for the tract of 390 acres on Blue creek in said county, and that said tract was conveyed to her by said O'Reilleys by deed dated September 23, 1877, which was acknowledged July 3d, 1878, and admitted to record July 29, 1878.

The defendant John A. Gibson answered said bill claiming, that he always gave the representatives of plaintiff to understand, that he did not own said real estate; also denying that any of said real estate was purchased directly or indirectly with any of the goods or merchandise or the proceeds of the sale thereof, giving a history of his purchase of the lot from C. C. Lewis in the town of Charleston, which was exchanged with John A. Wright for the tract of 150 acres and claiming that his wife paid part of the purchase-money for said lot with money she had made by keeping hotel, and about $50.00 was paid in silver by his wife, which amount she had had for years previous; and as she had paid the

principal part of said purchase-money, and had by her in-
dustry and saving contributed largely to acquire it, he had
the deed made to her, but not for the purpose of hindering or
delaying his creditors from collecting their debts. He also
denies, that the exchange of the Sissonville property with
the O'Reilleys for the tract of 390 acres was made for the
purpose of hindering or delaying his creditors from collect-
ing their debts, but says that said exchange was fair and free
from fraud or wrong; that said Sissonville property belonged
to his wife, and for that reason the deed was made to her;
that a lot containing three fourths of an acre in Sissonville
was owned by him, but it was worth only about $300.00 and,
although it went in as part of the consideration for said tract
of 390 acres, the real substantial consideration was the three
fourths of an acre, which belonged to his wife, which had
valuable improvements thereon, consisting of a dwelling-
house, two store-houses and a stable, in all worth $3,500.00;
and he claims, that plaintiff knew, that said last-named lot
belonged to his wife.

On the 4th of December, 1879, said answers were filed,
and the plaintiffs replied generally thereto; and H. D.
Shrewsbury, one of the commissioners, was directed to take,
state and report an account showing—*first*, the amounts and
priorities of the claims by judgment or otherwise against
the defendant John A. Gibson; *second*, the amounts and
character of the consideration for the conveyances made by
deed dated September 23, 1877, from Bernard O'Reilley,
guardian, and others to Mary Gibson, wife of John A. Gib-
son, and by the deed dated August 28, 1878, from John A.
Wright to Mary A. Gibson and by whom, when and how
the same was paid. On the 14th day of June, 1886, said
Shrewsbury tendered his report, which was ordered to be
filed. By said report he ascertained the amount and priority
of the claims by judgment or otherwise against said John
A. Gibson, ascertaining the total amount as of June 1, 1886,
to be $2,622.27. He also ascertained, that by an agreement
dated June 19, 1877, said John A. Gibson agreed to convey
with covenants of general warranty and relinquishment of his
wife's dower to James O'Reilley and others certain real es-
tate situated in the town of Sissonville, Kanawha county, in

consideration that the said O'Reilleys would convey to said John A. Gibson said Blue Creek land, and obtain a decree of of the court authorizing the conveyance of the interest belonging to the minor children of said Bernard O'Reilley in said land, that said exchange was made, the title of said Blue Creek land being conveyed to said Mary L. Gibson. He also finds the facts in regard to the manner and date of the acquisition of the title to the lot in Charleston from C. C. Lewis and J. Brisben Walker, and the exchange of the same with John A. Wright for the tract of 150 acres of land situated on Elk river; that both these transactions were exchanges of property by the said Gibsons with the said O'Reilleys and with John A. Wright; that the testimony and the presumptions are, that the real estate contained in the deed from John A. Gibson and wife to the O'Reilleys, viz., said Sissonville property, as well as the real estate contained in said deed from John A. Gibson and wife to John A. Wright, viz., said lot of land in Charleston, were originally paid for by John A. Gibson during the coverture of the said Mary L. Gibson; and that a large portion of the purchase-money was paid by the said John A. Gibson while merchandising and subsequent to the contraction by him of the debts therein reported; and that the consideration for both said tracts of 390 and 150 acres was really paid by John A. Gibson; that he bought and paid for the lots, which were exchanged for said tracts of land, and had said tracts conveyed to his wife; and that said deeds were fraudulent as to the creditors of the said John A. Gibson therein reported; and that he procured said deeds to be made to his said wife for the purpose of hindering, delaying and defrauding his said creditors.

This report was excepted to by Mary L. Gibson and John James O'Reilley and Bernard O'Reilley, guardian *etc.*, so far as the same declares the deed of September 23, 1877, from Bernard O'Reilley, guardian, and others to Mary Gibson and the deed from John A. Wirght to her fraudulent as to the creditors of John A. Gibson, and as having been procured to be made to said Mary Gibson, his wife, for the purpose of hindering, delaying and defrauding his said creditors and also as to every other statement in said report charging fraud

or a purpose to delay, hinder or defraud the creditors of said John A. Gibson, or vitiate any or either of the contracts or deeds mentioned in complainant's bill etc.

Now, as regards the lot in the city of Charleston, which was conveyed to the defendant Mary L. Gibson by Charles C. Lewis, although it appears in evidence, that the original agreement for the purchase of said lot bears date on the 22d day of October, 1873, yet said agreement was made by the defendant John A. Gibson with said Charles C. Lewis and J. Brisben Walker, that he paid $60.00 cash in hand and executed forty-seven negotiable notes bearing date October 1, 1873, and payable monthly with interest, until the entire $1,000.00 should be paid. The evidence shows, that these notes were paid by said John A. Gibson at irregular intervals between the years 1874 and 1878. The last payment of about $50.00 was made January 9, 1878, and the deed was executed to the defendant Mary L. Gibson, by said C. C. Lewis and wife bearing date December 14, 1877, but the deed does not seem to have been admitted to record until January 10, 1878, the day after the last payment was made ; and C. C. Lewis states in his deposition, that his recollection is, that it was delivered on that day.

Charles Kendall, a witness examined in the case, says in answer to a question asked him in his deposition, that the goods sold by the plaintiffs Gideon Burton & Co. to said John A. Gibson, upon which said judgement is founded, were composed of several bills, as follows, to wit: May 5, 1877, $432.08 ; June 1, 1877, $78.75 ; September 13, 1877, $358.75 ; and September 19, 1877, $71.40. It also appears from the deposition of J. M. Payne, that he had in his hands for collection an account in favor of Lehman, Richman & Co., against said John A. Gibson, a part of which was contracted April 12, 1877, viz., $178.00, and a part October 18, 1877, viz., $156.40, and protest-fees, $1.71, paid July 7, 1877, on which claims were some credits, leaving a balance of $152.13. So, it will be perceived, a large portion of the indebtedness asserted by the plaintiffs in this suit accrued shortly before the conveyance aforesaid was made by said C. C. Lewis and wife to said Mary L. Gibson for said lot in the city of Charleston, which was subsequently in August, 1878, exchanged for said tract

of 150 acres with said J. A. Wright. It also appears that on the 19th day of June, 1877, the agreement for the exchange of the Sissonville property was entered into between said John A. Gibson, John O'Reilley, and Bernard, O'Reilley, that the deeds to carry into effect said exchange were dated on the 23d day of September, 1877, although not recorded until July, 1878. In this manner the conveyances for said tracts of 390 acres and 150 acres to said Mary L. Gibson were made about the time of or shortly after the bulk of the plaintiff's claims originated. It also appears, that the transfer of these tracts of land to the said Mary L. Gibson left the defendant John A. Gibson with no other property, out of which said claims could be made. This fact is alleged in the bill and not denied in the answers.

The plaintiffs in their bill however allege, that on the 19th day of June, 1877, and for many years previous thereto the defendant, John A. Gibson, had been the owner in fee of a valuable parcel of real estate situated in the village of Sissonville, Kanawha county, containing three fourths of an acre, upon which a storehouse and other houses were located, which was conveyed on the 17th day of August, 1871, to said John A. Gibson by one Diocletian Martin and wife by deed of that date. Both the defendants, John A. Gibson and Mary L., his wife, deny, that the lot described in the bill as conveyed to John A. Gibson by Diocletian Martin on the 17th day of August, 1871, is the lot, on which the store-house and dwelling-house and stable were located, but allege, that there was a blacksmith shop and a cottage with three rooms in it on said lot; and they say in their answers, that the lot, on which said storehouse and dwelling are located, was conveyed to said Mary L. Gibson by said Martin and wife in 1866 on the 19th day of November, and exhibit a copy of said deed with their answer. They also claim, that the lot owned by said John A. Gibson was only worth three or four hundred dollars, while the one owned by the defendant Mary L. Gibson was worth at least $2,000.00; and although the allegations of the bill are thus positively denied in regard to the character of the improvements on the lot in Sissonville owned by said John A. Gibson, the plaintiffs take no proof in regard to the matter; and, although the plaintiffs allege in

their bill, that John A. Gibson owned the lot in Sissonville, which was conveyed to him by said Martin and wife in 1871, the defendant, Mary L. Gibson, exhibits with her answer two separate deeds from said Martin and wife,—one to herself dated in November, 1866, and one to her said husband dated in August, 1871, showing, that she and her husband owned different lots.

The defendant Mary L. Gibson demurred generally to the plaintiffs' bill and her demurrer was overruled. The plaintiffs in their bill have only alleged, that the lot conveyed to John A. Gibson by said Martin and wife in 1871 was exchanged for the tract of 390 acres where it appears, that the defendant Mary L. Gibson joined with her husband in conveying another lot containing three fourths of an acre as part of the consideration, which lot she owned and held a deed for from said Martin and wife since November, 1866,—more than ten years before it was conveyed by her to said O'Reil. leys in exchange for said tract of 390 acres; and it must be considered, that the commissioner, who stated the account in this cause, in finding that said Sissonville property was originally paid for by John A. Gibson, referred to the Sissonville property mentioned in the plaintiff's bill, viz., the lot conveyed to John A. Gibson by said Martin and wife in 1871, and not to the Sissonville property, which was conveyed to Mary L. Gibson in 1866, and which is not mentioned in plaintiff's bill; and which could not have been subjected by plaintiffs on account of the conveyance to her being voluntary, because more than five years had elapsed since said convey- ance was made before the institution of this suit. It is neither alleged nor proven in this cause, that John A. Gibson was indebted to any person in the year 1866, when said deed was made to Mary L. Gibson by said Martin and wife.

The plaintiffs in their bill only allege that the property that was conveyed to the O'Reilleys in exchange for the tract of 390 acres was the lot conveyed by Martin and wife to John A. Gibson in 1871; and their bill is silent as to the other lot conveyed to Mary L. Gibson by Martin and wife in 1866; and, there being neither allegations nor proofs in regard to the ownership of said last-named lot, the statements made by the defendants in their answers, accompanied by the ex-

hibit of certified copies of the deeds, must be taken to be the true and correct statement in regard to the ownership of said property. There is no fraud alleged in the plaintiff's bill in regard to the manner, in which said Mary L. Gibson acquired said lot, and, such being the case, this court will not presume, that she acquired it fraudulently. It is alleged, that the said John A. Gibson purchased and paid for said tract to said O'Reilleys wholly and entirely out of his own money and property, and that no part was paid out of the money or property of the said Mary L. Gibson, and that said conveyances were made to her without any consideration deemed valuable in law moving from her or on her part; but that the tract of 150 acres and the tract of 390 acres were conveyed to her at the instance of said John A. Gibson for the purpose of delaying, hindering and defrauding his creditors, and the commissioner in his report so finds; and, although his report is excepted to by the defendant Mary L. Gibson and the O'Reilleys, yet the court in its final decree rendered on the 17th day of July, 1886, overruled said exception, confirmed said report, and set aside said conveyances to said Mary L. Gibson and decreed against the said John A. Gibson for the amount of the debts found by said commissioner to be due to said respective plaintiffs, and directed, that, unless the said John A. Gibson or the said Mary L. Gibson or some one for them should within thirty days from the rising of the court pay said debts to said creditors, the special commissioners therein named should advertise and sell said lands as therein directed.

Now, although it has been held by this Court in the case of *Core* v. *Cunningham*, 27 W. Va. 206, that "transfers of property, either directly or indirectly, by an insolvent husband to his wife during coverture are justly regarded with suspicion, and, unless it clearly appears that the consideration was paid from the separate estate of the wife or by some one for her out of means not derived either directly or remotely from the husband, such transfers will be held fraudulent and void as to the creditors of the husband;" and the same, in substance, has been held by this court in *Lockhard* v. *Beckley*, 10 W. Va. 87; *Burt* v. *Timmons*, 29 W. Va. 441 (2 S. E. Rep. 780) and in many other cases. But in the case of

*Hunter's Ex'rs* v. *Hunter*, 10 W. Va. 321, it is held, that matters not charged in the bill or averred in the answer and not in issue in the cause are not proper to be considered upon the hearing. Also it is not error in a court to fail to pass upon the validity of a deed, when the record does not show, that it was called upon to do so by the pleadings in the cause. In that case it is also held, that the limitation of five years as to voluntary conveyances above referred to under Code, c. 104, s. 14, commences to run, at the time the deed was made. No fraud is charged as to the deed made to said Mary L. Gibson by said Martin and wife in 1866. Its validity is in no manner attacked, and there is no allegation or proof, that John A. Gibson then owed a dollar; and, for all that appears in this cause in any manner, she must be recognized as the true and lawful owner of the lot conveyed to her by the Martins in 1866, and to the extent of the value of said lot she must be held and considered as an owner of the tract of 390 acres, for which it was exchanged in part payment.

In the case of *Quidort's Adm'r* v. *Pergeaux*, 18 N. J. Eq. 472, it was held, that a deed taken in the name of the wife for property purchased with her separate estate is no fraud upon the creditors, even if the taking title in her name was to avoid any claim by judgment against her husband for debts, which he then owed. But where the balance of the purchase-money for such property was paid out of the earnings of a business carried on in the name of the wife, but to which the skill and labor of the husband largely contributed, such property will be decreed to be held by the wife in trust for his creditors, subject to her claim for the money advanced out of her separate estate.

In *Glidden* v. *Taylor*, 16 Ohio St. 509, it was decided "that where a wife suffers her money to be employed by the husband and blended with his earnings, so that it can not be separated, the most favorable position she can be allowed to assume is that of a preferred creditor in equity, and as such entitled to her money and interest."

In this case then I am of opinion, that the court below erred in directing a sale of said tract of 390 acres, without respecting the interest of the said Mary L. Gibson therein.

The court should have ascertained by a reference to a commissioner the value of the lot or parcel of land in the town of Sissonville, which was conveyed to her, by said Martin and wife in 1866; and in directing a sale of said tract of land should have decreed, that she was entitled to the proceeds of said sale in proportion to the amount of the purchase-money paid by her on said tract with said lot; and in order to do that the value of the other Sissonville lot would also have to be ascertained at the time of said exchange; and, in order that this may done, the decree complained of in this case must be reversed, and the cause remanded to the Circuit Court of Kanawha county for further proceedings to be had therein in accordance with the principles herein set forth, and the appellees must pay the cost of this appeal.

REVERSED.    REMANDED.