# CHARLESTON.

## MARTIN v. WARNER.

Submitted November 11, 1890.—Decided November 28, 1890.

FRAUDULENT CONVEYANCES.

     A deed held fraudulent as to a judgment-creditor.

*T. N. Parks* for appellants cited:

Stew. Hus. & Wife § 56 ; 27 W. Va. 306 ; 4 Heisk. 440 ; 14 Abb. N. Cas. 13 ; 2 Johns. Ch'y 539 ; 22 Wend. 525 ; 19 Vt. 410 ; 87 Pa. St. 510 ; 22 W. Va. 356 ; 29 W. Va. 441.

*B. Engle* for appellee cited:

27 W. Va. 206 ; 29 W. Va. 141 ; 3 Munf. 68 ; 1 Waite Ac. & Def. 364 Art. VI § 1 ; Bump Frand. Con. 249–251 ; 12 Gratt. 74 ; 30 Gratt. 652 ; 18 W. Va. 250 ; 24 W. Va. 461.

HOLT, JUDGE :

This is a suit in equity brought by Martin, plaintiff below, in the Circuit Court of Tyler county, to enforce payment of his judgment against Warner, one of the defendants below, by the sale of a tract of land conveyed by defendant Thompson to defendant Sidney Ellen Warner, wife of Mordecai Warner, upon the ground that the tract of land of fifty one acres mentioned was the property of the judgment-debtor, Mordecai Warner, and was conveyed to his wife, Sidney Ellen Warner, for the purpose of defrauding his creditors.

From the pleadings and proofs and inferences fairly to be drawn the facts of the case appear to be as follows : On the 15th day of May, 1886, plaintiff, Martin, obtained before a justice of Tyler county a judgment against defendant, Mordecai Warner, for two hundred and forty six dollars and fifty cents with interest from the date of the judgment, and one dollar and forty cents costs. This judgment was docketed on the 7th of June, 1886. The debt, for which this judgment was rendered, was created and became due some time before the 8th day of March, 1883. The defendant, David Thompson, had sold and conveyed this tract of land to one Josephus Morris some time prior to 1878. In October, 1879, it was sold for taxes in the name of Morris and bought by Thompson. Some time after defendant Thompson sold it to one John Gibson giving him a written contract, and Gibson sold the land and assigned this contract to defendant, Mordecai Warner, who agreed to pay Thompson the purchase-money. Defendant Mordecai Warner lived on the land some three or four years, but becoming involved in debt, plaintiff's debt among others,

gave up the land, and surrendered the written contract to Thompson. A short time thereafter Thompson sold and conveyed the land to defendant Sidney Ellen Warner, wife of Mordecai Warner, by deed dated 8th of March, 1883. For the purchase-money, Sidney Ellen Warner executad to Thompson her five non-negotiable bonds of that date— one for one hundred dollars, due 1st April, 1884; one for one hundred dollars, due 1st April, 1885 ; one for one hundred dollars, due 1st April, 1886; one for one hundred dollars, due 1st April, 1887; and one for one hundred and four dollars and fifty six cents, due 1st April, 1888; all bearing interest from date, with the vendor's lien retained on the face of the deed. On the 16th day of November, 1885, Thompson assigned his purchase of the same land at the tax-sale to Sidney Ellen Warner, and on the 26th day of November, 1885, the clerk of the County Court of Tyler county made to her a tax-deed as such assignee. At the date of her purchase Sidney Ellen Warner, the wife, had no separate estate of any kind, as far as this record discloses. The defendants, Mordecai Warner and his wife, lived on the land and raised on it a crop of tobacco in the year 1885, and with the proceeds of the sale of the tobacco the bond of one hundred dollars, due 1st April, 1886, was paid. This payment defendant, Sidney Ellen Warner, claims was made by her out of the proceeds of the tobacco-crop raised by her and her husband on her land, and she and her husband claim, that all the other purchase-money bonds are unpaid. It appears that the bond for one hundred dollars, due 1st April, 1887, is unpaid, and is now the property of William H. Gillespie, who is not a party to the suit. Some time prior to 1886 the husband, Mordecai Warner, obtained three of these land-bonds executed by his wife, viz., those due in 1884, 1885, and 1888, paying for them his own property or money, and about March 10, 1886, transferred them to his brother, the defendant James W. Warner, with the name of Thompson, the payee, indorsed. James W. Warner, as surety for his brother, Mordecai, had, in 1878 or 1879, paid a debt of some three hundred and ninety dollars, and took from his brother these bonds by his brother's wife in part payment

of this surety debt, as he claims, and also to give his brother and his brother's wife a chance to secure themselves a home. Defendant Mordecai Warner had before that owned another tract of land, which had been sold for his debt, and in speaking of this purchase from Thompson he told the witness "that he and Thompson had made an agreement not to make a deed for the land until the last payment was made, and then the deed was to be made to Ellen, his wife, so they could not take it from him." This conversation, however is denied by Warner.

Upon this state of facts, the Circuit Court came to the conclusion, that the deed made to the wife was a mere shift and device to secure the land from the debts of the husband, and held it liable for the payment of plaintiff's judgment. Our own cases on this subject are already quite numerous, and the examination and discussion of the general doctrine thorough and full. See *Lockhard* v. *Beckley*, 10 W. Va. 87; *Hunter* v. *Hunter*, Id. 321; *Rose* v. *Brown*, 11 W. Va. 122; *McMasters* v. *Edgar*, 22 W. Va. 673; *Stockdale* v. *Harris*, 23 W. Va. 499; *Herzog* v. *Weiler*, 24 W. Va. 199; *Maxwell* v. *Hanshaw*, Id. 405; *Bank* v. *Wilson*, 25 W. Va. 242; *Core* v. *Cunningham*, 27 W. Va. 206; *Burt* v. *Timmons*, 20 W. Va. 441 (2 S. E. Rep. 780); *Martin* v. *Rexroad*, 15 W. Va. 512; *Knight* v. *Capito*, 23 W. Va. 644; *Connoway* v. *McCann*, 30 W. Va. 200 (3 S E. Rep. 590); *Rogers* v. *Verlander*, 30 W. Va. 619 (5 S. E. Rep. 847); *Holmes* v. *Harshberger*, 31 W. Va. 516 (7 S. E. Rep. 452); *Goshorn* v. *Snodgrass*, 17 W. Va. 717; *Livesay* v. *Beard*, 22 W. Va. 585; *Burton* v. *Gibson*, 32 W. Va. 406 (9 S. E. Rep. 255); *Mayhew* v. *Clark*, 33 W. Va. 387 (10 S. E. Rep. 785). Viewing the facts of this case in the light of these authorities we are of opinion, that the conclusion reached by the Circuit Court is correct, but that an error was fallen into in the decree which undertook to give it effect. The deed from Thompson to Mrs. Warner ought not to have been set aside and annulled, but the land thereby conveyed should have been made liable to Martin's debt; and provision should be made, when the cause goes back, for the payment of the unpaid balance of the purchase-money of one hundred dollars and its interest, represented by the bond due 1st

April, 1886, which appears to be the property of William H. Gillespie, who is not a party to the suit.

Therefore the decree, although correct as to the only point in controversy, will have to be set aside, and the cause be remanded with directions to ascertain and provide for what may be due, if anything, on the purchase-money bond due 1st April, 1886, making Gillespie or the owner, whoever he may be, a party; and in again decreeing a sale of the land not to set aside and annul the deed from Thompson to Mrs. Warner, but to hold the land thereby conveyed as liable to the payment of Martin's judgment, after paying the said balance of the purchase-money, if any, giving Mrs. Warner a reasonable time in which she, or any one for her, may pay such debts; then, in default of payment, appointing a special commissioner to make the sale of the land, or of so much as may be necessary, on the usual terms. And the costs here are awarded the appellee, as the party substantially prevailing.

REMANDED.