# CHARLESTON.

W. H. SLEETH *et al.* v. S. J. TAYLOR *et al.*

Submitted March 5, 1918.   Decided March 19, 1918.

1. APPEAL AND ERROR—*Review—Adjudication of Dower.*

   A decree tacitly denying a right of dower in land, set up and claimed by an answer, amounts to an adjudication against such right and confers right of review by an appeal. (p. 143).

2. DOWER—*Disallowance—Equities.*

   Disallowance of the right of dower, in a decree, cannot be justified on the ground of alleged equities against the widow, that had become irremediable by lapse of time, at the date of the entry of the decree. (p. 143).

3. AVOIDANCE OF FRAUDULENT CONVEYANCES—*Limitations.*

   A gift, conveyance, assignment, transfer or charge, not on a consideration deemed valuable in law, cannot be avoided in whole or in part, for that cause only, unless attacked within five years from the date thereof. (p. 145).

82 W. Va.

4. FRAUDULENT CONVEYANCES—*Avoidance—Participation of Donee— Limitations.*

If, in such case, there is fraudulent intent toward creditors, on the part of the donor, such gift, conveyance, assignment, transfer or charge cannot be avoided after such period of five years, without an allegation and proof of knowledge of such fraudulent purpose and participation therein, on the part of the donee. (p. 145).

5. DOWER—*Gross Sum in Lieu of Dower—Statute.*

As against a grantee of land in a deed executed by her husband alone, a wife, after the death of the husband, is entitled to dower in kind in the land so conveyed, if assignment thereof is practicable, unless the grantee elects to pay her interest or a gross sum in lieu of dower, as provided by sec. 12, ch. 65, Code. (p. 145).

6. SAME—*Husband's Purchase Money Lien—Redemption from Lien —Gross Sum in Lieu of Dower.*

In the case of a purchase money lien on land owned by her husband in his lifetime, a widow is entitled to dower in kind in the land, if it will sell subject to her dower for a sufficient sum to pay such lien debt, or if part thereof sold free of her dower, leaving a sufficient portion to sustain the assignment of dower, will sell for such sum, or if sale of part of it free of dower and the residue, subject to full dower, will produce such sum. She may also obtain such dower by redeeming the land from the lien. If the land will sell for more than enough to pay the debt and the circumstances are such as preclude assignment of dower in kind, she is entitled to a gross sum equal to her dower in the surplus, payable out of the proceeds of the sale of the whole of the land free of dower. (p. 146).

7. SAME—*Realty Purchased with Partnership Funds—Partnership Debts.*

There is no right of dower in real estate purchased with partnership funds, used as partnership property and encumbered beyond its value with partnership debts. (p. 148).

8. SUBROGATION—*Lien—Fraudulent Grantee of Land.*

A fraudulent grantee of land has right of subrogation to the benefit of a lien existing on the land at the date of the conveyance and subsequently discharged by him. (p. 146).

9. SAME.

If such lien covers an entire tract of land only an undivided portion of which is conveyed to such grantee, his right of subrogation extends only to a part of the debt paid by him, determinable by the relation of the interest conveyed to the entire tract. (p. 146).

10.  FRAUDULENT CONVEYANCES—*Rights of Fraudulent Grantee—Lien.*
  A fraudulent grantee is not entitled, as against creditors of the
  grantor or a doweress, to a lien for the amount of an antecedent
  debt constituting part of the consideration, or a debt of the
  grantor to a third person, assumed by him as part of the con-
  sideration.   (p. 146).

Appeal from Circuit Court, Randolph County.

Suit by Mrs. W. H. Sleeth against S. J. Taylor and others, with cross-bills in the nature of original bills by Blake Taylor, B. W. Taylor and others, and A. F. Wilmoth against M. L. Taylor and others.   Decrees for complainant and for cross-complainants B. W. Taylor and others, and M. L. Taylor and Lydia A. Taylor appeal.

*Reversed in part. Affirmed in part. Remanded.*

*W. B. & E. L. Maxwell,* for appellants.

*S. T. Spears, Harding & Harding,* and *Arnold & Arnold,* for appellees.

POFFENBARGER, PRESIDENT:

Only a few of the many issues developed in this cause have been brought up by the appeal.   They are limited to questions pertaining to the alleged dower right of Lydia A. Taylor, widow of the judgment debtor against whom the suit was instituted, and certain claims of right of subrogation, by Marvin L. Taylor, son of the judgment debtor and fraudulent grantee of a portion of his real estate.   The decree setting aside the deed made to him by his father, entered October 18, 1915, was permitted to become unappealable by lapse of time, but the decree of October 19, 1916, ascertaining the liens upon the real estate and determining their priorities, was attacked in time by an appeal.

E. E. Taylor, the husband and father, owned some real estate individually and was jointly interested with other parties in the ownership of additional parcels, some of which are alleged to have been partnership properties.   Some of the latter belonged to the firm of Taylor & Taylor, composed of E. E. Taylor and Blake Taylor and doing an engineering and real estate business.   One piece and some personal prop-

erty belonged to the News Printing Company, a partnership composed of E. E. Taylor, B. W. Taylor, C. M. Marstiller and A. F. Wilmoth. The members of these firms were made parties to the original bill in their individual capacities, not as partners. Blake Taylor, B. W. Taylor, Wilmoth and Marstiller and A. F. Wilmoth in his individual right, filed in this suit, cross-bills in the nature of original bills, setting up the partnership relations, their equitable claims against E. E. Taylor and the financial condition of the firms, and identifying the tracts of land belonging to them. Claiming to be creitors as well as partners of E. E. Taylor, these respondents attacked a deed dated February 7, 1906, and made by Lenora Kiddy and her husband to E. E. Taylor and his wife, and a deed dated, November 1, 1909, made by E. E. Taylor to his son, Marvin L. Taylor, and conveying to the latter a one-half interest in the tract of land, containing 48½ acres, obtained by the deed from Lenora Kiddy, as having been made with intent to hinder, delay and defraud the creditors of the grantor in the latter, the former only as to the half interest conveyed to Mrs. Taylor. They also charged fraudulent use of the husband's money in the improvement of the wife's alleged interest in the 48½ acre tract. Among other things, they prayed dissolution of the partnership and settlement of their affairs and the setting aside of said deeds, to the extent of their obstruction of their rights as creditors and subjection of any interest the wife might have in the land to their debts, to the extent of the value of the improvements made thereon by the husband.

Pending the suit and before the filing of the cross-bills, E. E. Taylor died and his son, Marvin L. Taylor, was appointed administrator of his estate. Both he and his mother filed separate answers to the cross-bills, denying all fraud and fraudulent intent in said conveyances, and the widow, in some of her answers, claimed dower in all of the land of which her husband died seized, including the undivided one-half interest in the 48½ acre tract conveyed to the son, she not having joined in that deed. The commissioner to whom the causes were referred made no reference whatever in his report, to the matter of dower in the land, his report was not

excepted to on that ground and neither of the two decrees entered in the consolidated causes made any provision for her dower.

The widow's right to complain here of the lack of such provision in the decree is challenged on the ground of alleged non-action of the trial court, respecting the subject matter. A denial of legal right may be effected as well by the silence of a judgment or decree as by verbal expression thereof. What is necessarily implied is as firmly established as if it had been expressed in words. Entry of a judgment or decree, without a disposition of a demurrer to the declaration or bill, impliedly overrules the demurrer. Failure of a decree for money to allow credit for a fully established and uncontroverted payment on the debt would be a palpable denial of right by necessary implication. Under such circumstances, the appellate court cannot say the trial court has not acted upon the omitted subject. Such a denial of right is a very common form of judicial error. Nor is this a decree upon a bill taken *pro confesso,* of which complaint must be first made in the trial court. Mrs. Taylor set up her right in that court, if any she has, and it was denied her. The error is a judicial one not correctible by motion under the second clause of sec. 5 of ch. 134 of the Code. *Stringer* v. *Anderson,* 23 W. Va. 482; *Bent* v. *Patten,* 1 Rand. 25.

As all the lands of any considerable value, other than the 48½ acre tract, were adjudged to be partnership property and to be encumbered beyond their values by partnership debts and obligations, the principal subjects of controversy here relate to the 48½ acre tract. It was conveyed to E. E. Taylor and Lydia A. Taylor by Lenora M. Kiddy and her husband, by a deed dated, February 7, 1906, for a recited consideration of $3,000.00, $1,400.00 of which is acknowledged therein to have been received in cash and the remainder of which was deferred in two equal installments of $800.00 each and secured by a vendor's lien. Some time afterwards, Taylor paid one of these $800.00 notes, and, at the date of his conveyance to M. L. Taylor, the other $800.00 note remained unpaid and was held by Mary A. Coberly to whom it had been assigned by the Kiddys. The deed from E. E. Taylor to M. L. Taylor,

conveying the one-half interest in the tract, recited a consideration of $2,500.00, $900.00 cash in hand paid and the assumption of the payment of the $800.00 purchase money note held by Mary A. Coberly and $800.00 due from the grantor to C. C. Coberly and evidenced by his note for said sum. The recited cash consideration was not paid. It consisted of an alleged antecedent indebtedness of the father to the son. The $800.00 note held by C. C. Coberly and assumed by the grantee in the deed, was for money borrowed by E. E. Taylor and partly used, possibly, in the making of the cash payment on the land to Mrs. Kiddy.

Neither by a cross-assignment of error nor otherwise, do the appellees complain of the court's denial of the relief prayed for against Mrs. Taylor, respecting the Kiddy land and the improvements thereon. They merely attempt to justify the disallowance of her dower in the husband's half of that tract on the ground of their alleged right to such relief. Whether the trial court could properly set off one independent right against another in the manner suggested, is not a proper subject of inquiry in this cause, for the alleged right of the appellees has no foundation in law.

The money used in the purchase of the Kiddy land, as well as that used in the extensive improvement thereof, may have belonged to the husband. What was used in the making of the cash payment of the purchase was admittedly his. After that purchase was made in February, 1906, a tract of land belonging to the wife and another belonging to the husband were conveyed to H. C. Jones, in consideration of $4,772.50, by a deed dated sometime in October, 1906, and some of the money derived from the sale was no doubt used in the improvement of the Kiddy property, but the record does not disclose, with any degree of certainty, how much of it was so used nor the amounts of the respective interests therein. Mrs. Taylor was manifestly a volunteer in the deed from Mrs. Kiddy. She does not pretend to have paid any of the purchase money. It is very evident, too, that some of the husband's money went into the improvements made on the land. In thus gratuitously bestowing his money upon his wife, he may have intended to defraud his creditors, but these acts of his were not at-

tacked in time to avoid them as mere voluntary disposition of property or money. She obtained her interest under the Kiddy deed in February, 1906. Just when the improvements were placed upon the property does not appear, but the circumstances indicate that they were made soon after the title was acquired. Considerable money was obtained from Jones in the year of the purchase. An allowance of two years for the improvements would place them more than five years beyond the date of the attack made upon the transaction. Taylor died in February or March, 1913, and the cross-bills were filed after that date. His death was suggested and the cause revived against the administrator and heirs by an order entered October 18, 1913. Sometime between that date and February 13, 1914, the cross-bills seem to have been filed. The exact date does not appear. No gift, assignment, transfer or charge which is not on consideration deemed valuable in law, shall be avoided either in whole or in part, for that cause only, unless within five years after it is made, suit be brought for that purpose. Code, ch. 104, sec. 14. Nor can it be avoided by a suit brought after five years from the date thereof, for fraudulent intent on the part of the person making it, usually a grantor, without allegation and proof that the person in whose favor it was made had knowledge of such intent and participated therein. *Laidley* v. *Reynolds,* 58 W. Va. 418; *Scraggs* v. *Hill,* 43 W. Va. 162; *McCue* v. *McCue,* 41 W. Va. 156; *Graham Grocery Co.* v. *Chase,* 75 W. Va. 775; *Edwards Manufacturing Co.* v. *Carr,* 66 W. Va. 673. Some of the cross-bills do not pretend to allege such knowledge on the part of the wife. One of them may possibly contain a sufficient allegation thereof, but, if it does, there is a total lack of proof to sustain it.

As the husband owned the undivided half of the Kiddy land and conveyed it to the son by a deed in which the wife did not join, she is entitled, as gainst the grantee, to dower in kind in the land, unless he shall elect to pay her lawful interest, from the time of her demand upon him for her dower, on one-third of the value of the land, or a gross sum in lieu of dower, to be computed in the manner prescribed by the statute. Code, ch. 65, Secs. 10, 11 and 12. The son's deed having been

avoided by the creditors, in so far as it stands in their way, his relation to the dower right may not be important, but it is to be remembered that she claims her dower unconditionally and without exception. If, in view of the purchase money lien, she is not entitled to dower in kind, but only to a lien on the land for a gross sum in money, dower in the surplus, her money demand takes precedence over any right the son may have in the land, as well as over the debts due to creditors, other than those paramount to the right of dower. Avoidance of the deed for fraud is not a prerequisite to the assertion of her right against him, which the law itself confers, whatever the motive of the conveyance may have been. *Carver* v. *Ward*, decided at the present term.

If the son is entitled to be subrogated to the lien of $800.00 for purchase money originally held by Mrs. Kiddy, assigned to Mary A. Coberly and paid by him with money loaned or given to him by his mother for the purpose, the case, as to the dower in the half interest in the Kiddy land conveyed to the son, falls within the principles enunciated and applied in *Bank* v. *Dudley*, 76 W. Va. 332. She is entitled to full dower in the land, as against everybody except the holder of the vendor's lien and persons claiming under him, and to have the land sold subject to her dower in kind in the whole thereof, if the proceeds of such sale are sufficient to pay the whole amount of the superior lien debt.

Marvin L. Taylor paid interest on the $800.00 purchase money note, amounting to $178.00. His mother obtained $1,500.00 from insurance on her husband's life, taken for her benefit, and the note itself and additional interest thereon were paid out of that money. Both she and her son say she loaned him that money for the purpose and that she is now his creditor as to the money so loaned. This evidence being uncontradicted and sufficient to prove the loan, the son has, in legal effect, paid that note as well as the interest thereon, amounting in all to $1,018.93, one-half of which, $509.46, was equitably a lien on the half interest conveyed to him. To this extent, he has clear right to charge that half of the land. *Kimble* v. *Wotring*, 48 W. Va. 412; *Schmertz* v. *Hammond*, 47 W. Va. 527.

He claims right of subrogation as to the entire amount so paid and also the $900.00 recited as a cash consideration in the deed from his father and the $800.00 C. C. Coberly note payment of which he assumed as part of the consideration. But the fraud in that deed vitiates it. He cannot maintain any alleged right founded upon any covenant or agreement contained in it. If he had paid the entire consideration in cash, he could not have a lien on the land for the amount thereof. Nor does it constitutte any lien for any indebtedness from his father to him, constituting a consideration for the conveyance. Such a deed cannot stand as security to the grantee for any purpose. *Livesay* v. *Beard,* 22 W. Va. 585; *Ruffner* v. *Welton Coal Co.,* 36 W. Va. 244; *Webb* v. *Ingham,* 29 W. Va. 389. To permit the father and son to transfer the $800.00 lien on the whole tract of land to the one-half thereof, owned by the former, would obviously prejudice his creditors to the extent of half of the amount thereof. Neither this alleged transfer of burden nor the covenant to pay the C. C. Coberly note nor the cancellation of the $900.00 antecedent debt to the grantee has any foundation except the deed which has been judicially annulled, as having been executed with fraudulent intent, to the extent of its obstruction to the rights of the attacking creditors. Our conclusion is that Marvin L. Taylor has right of subrogation as to half of the purchase money note and interest thereon, paid by him, and no more.

This lien in his favor is superior to his mother's right of dower in the land conveyed to him, and her right prevails over those of the other creditors, respecting that part of the land. If, sold subject to her dower in kind therein, it will bring enough to pay that lien, she is entitled to have her dower in it so assigned. If not, the course to be pursued is clearly indicated in *Bank* v. *Dudley,* cited. As the land was not sold to satisfy this debt before the death of the husband, sec. 3 of ch. 65 of the Code does not apply.

No right superior to that of the widow's dower in the undivided one-third of the three acre tract lying on Cheat River, near Pickles Run, or in the one-sixth interest in Lot No. 6 of Hillside Addition to the City of Elkins, of which the husband died seized, was held by any person. She was

clearly entitled to dower in kind in his shares of both of these properties, if assignment thereof in them was practicable. A decree entered in the cause, after allowance of the appeal, shows these interests have been sold, and, the brief says, with the consent of the widow. Nothing in the record establishes such consent, wherefore it is inoperative here, if given. This error in the decree cannot be ignored, under the maxim *de minimis non curat lex,* because it denies right and title to land.

Encumbrance of the partnership real estate by firm debts, to an extent beyond its value, denies right of dower in it. In such property, the dower is subordinate to the firm debts, and, if it is exhausted in payment thereof, the dower right therein fails completely. *Martin* v. *Smith,* 25 W. Va. 579; *Pierce* v. *Trigg,* 10 Leigh 406, 426; Bates, Part., sec. 297; Parsons, Part., sec. 273. It is suggested that dower in such cases takes precedence of the firm debts, or that real estate bought with firm money and used as firm property, is not subject to the law of partnership, in the absence of a written agreement making it partnership property. This proposition is not sustained by any authority cited, and it is variant from settled law. No such exception is made in the authorities above referred to. Whether real estate so acquired and used is partnership property is a question of intention, dependent upon the facts and circumstances attending the transaction. It may be made out by inference alone and no express agreement either verbal or written is essential. Parsons, Part. , sec. 267; Bates, Part. sec. 281. The findings of the trial court as to the character of the land treated as partnership property cannot be reviewed, for the evidence pertaining to it has not been brought up.

In so far as the decree complained of orders sales of E. E. Taylor's interests in the three acre tract of land near Pickels Run on Cheat River and Lot No. 6 of Block B of Hillside Addition to the City of Elkins and the one-half of the Kiddy tract of land conveyed to M. L. Taylor, accords to the creditors of E. E. Taylor liens thereon superior to Lydia A. Taylor's right of dower therein, as herein defined, and M. L. Taylor's lien by way of subrogation, on said half of said Kiddy tract of land, as herein defined, and denies the existence of said

dower right and said M. L. Taylor's lien, it will be reversed and in all other respects affirmed; and it will be here adjudged, ordered and decreed that the said Lydia A. Taylor has right of dower in said interests in said tracts of land, superior to the rights of all creditors of E. E. Taylor and to all liens on said lands other than M. L. Taylor's lien on said half of said Kiddy tract, and that said M. L. Taylor has the first lien for the amount hereinbefore specified on said half of said tract, which is superior to said right of dower in said half of said tract; and the cause will be remanded for further proceedings.

*Affirmed in part. Reversed in part. Remanded.*