FIRST NATIONAL BANK OF ALDERSON *v.* ADELIA
MCCLUNG, *et al.*

(No. 8805)

Submitted January 17, 1939.  Decided February 7, 1939.

*Summers H. Sharp,* for appellant.
*S. M. Austin,* for appellees.

FOX, PRESIDENT:

The First National Bank of Alderson complains of a
decree of the circuit court of Greenbrier County entered
on the 1st day of March, 1938, in a chancery cause in
which it was plaintiff, and Adelia McClung and others
were defendants.  The object of the suit was to set aside

as fraudulent and void, as to the claim of the plaintiff, a conveyance made by one H. D. Dunbar to Adelia Mc-Clung, dated the 27th day of March, 1933, conveying a tract of 6.2 acres of land, situated near Crawley in Greenbrier County. The cause was heard upon the original and the amended and supplemental bill of the plaintiff, and the answers of J. O. McClung and Adelia McClung thereto, as well as on demurrer of the plaintiff to the answer of Adelia McClung to the original bill, and the demurrer of J. O. McClung and Adelia McClung to the amended and supplemental bill, and upon the depositions of witnesses taken and filed by the plaintiff and the defendants. The relief prayed for by the plaintiff was denied and its bills dismissed.

Adelia McClung, grantee in the deed from H. D. Dunbar, is the wife of J. O. McClung, one of the defendants herein. In the year 1929, J. O. McClung became endorser for L. E. McClung on a note of $2,500.00, payable to the First National Bank of Alderson and, later, in the year 1931, became endorser on another note of $2,000.00, payable to the same bank, which two notes were later consolidated into a note for $4,500.00, on which a judgment was recovered by the said bank, against the McClungs, on the 22nd day of November, 1932, in the sum of $4,625.02, and said judgment was docketed in Greenbrier County on the 12th day of December following. In January, 1932, according to a preponderance of the evidence, J. O. McClung either visited the plaintiff or had delivered to it a written statement in which he represented that, in addition to certain other property, he was the owner of notes and bills to the amount of $6,000.00, and, according to the evidence, there were included in that statement two notes of $1,000.00 each, executed by H. D. Dunbar to J. O. McClung, and secured by a deed of trust on the said tract of 6.2 acres of land. In that statement no mention is made of any indebtedness by him to his wife. About the year 1932, J. O. McClung conveyed certain real estate to his wife, and to his son and daughter-in-law, and in March, 1933, a suit was instituted in the circuit court of

Greenbrier County, the purpose of which was to subject to sale the real estate of the said J. O. McClung and to set aside the conveyances made by him to his relatives, and this was subsequently accomplished by a decree entered in said cause, out of which suit about $500.00 was realized and applied on the judgment in favor of the First National Bank of Alderson. After the institution of this particular suit, and on March 27, 1933, H. D. Dunbar conveyed to Adelia McClung the tract of 6.2 acres of land at Crawley, the consideration for the said conveyance being the surrender of the two notes of $1,000.00 each, which Dunbar had executed to J. O. McClung, the balance of the notes, after applying credits, being approximately $1,898.00 at the date of the said deed. The explanation of the conveyance to Adelia McClung is that some time in 1931 or 1932, J. O. McClung transferred the Dunbar notes to his wife, and that J. O. McClung, acting for his wife, arranged for the conveyance of this property to her in satisfaction of the notes. The only proof of the transfer of the notes, as asserted by Adelia McClung, is her oral evidence and that of her husband. She claims that the consideration for the transfer of the said notes to her from her husband was money she furnished him some years prior to the date of the transfer, most of which was used in repairs and improvements on the property of the husband. The aggregate amount which she claims was due from her husband was $2,085.00, which she itemizes in her answer, but her statement is indefinite as to the dates when the money was so furnished, except as to one item of $800.00 which was allegedly furnished in the year 1928. However, J. O. McClung testifies, rather indefinitely, as to when these sums of money were actually furnished; and taking up the various items furnished, we find that the item of $100.00 for fencing yard at Crawley, and the item of $200.00 for painting house at Crawley, were furnished about twenty years prior to the date of his testimony, which was given in August, 1937. The item of $150.00 for repairing cottage at Crawley was furnished a few years later, the exact date not being stated. The

item of $85.00 for money loaned for taxes, and the item of $200.00 for a loan for an addition to the home at Rupert, were furnished thirteen or fourteen years prior to the date of his testimony. The items of $800.00 for repairing and painting of home at Rupert, and $100.00 for fencing yard at Rupert were furnished about ten years prior to said testimony. In addition to these items, the plaintiff claims $300.00 for having paid nurse, hospital and doctor bills, and $150.00 paid hired help while caring for J. O. McClung, but, according to his testimony, these expenses were incurred after he was injured some two years prior to the date of his testimony, which evidently was after the date when the Dunbar notes are alleged to have been transferred. No note or memorandum of an obligation of any character, covering these items was ever executed by J. O. McClung to his wife. It is clear that at the time of the alleged transfer of the notes, J. O. McClung was heavily involved, particularly on account of his endorsements for L. E. McClung, as a result of which, his property was afterwards sold for a sum less than that necessary to pay all of his indebtedness; and it is also clear that judgments had been recovered against him prior to the time when these transfers were being made and he could not have been misled as to his financial situation; nor can it be doubted that, at the date of the Dunbar deed to Adelia McClung, she had knowledge of this situation, because she was then a defendant in a suit in which a conveyance from J. O. McClung to her was sought to be set aside.

That transactions between husband and wife, affecting creditors of either, will be closely scrutinized, is well established by many decisions of this court. Such transactions will not be upheld to the prejudice of creditors, except upon a clear showing of good faith and adequate and valuable consideration. *Core* v. *Cunningham,* 27 W. Va. 206; *Miller* v. *Gillispie,* 54 W. Va. 450, 46 S. E. 451; *Fanning* v. *Dennis,* 119 W. Va. 615, 198 S. E. 532. Something more than parol evidence of a husband and wife is ordinarily required to support such a transaction against

creditors. *Bank* v. *Atkinson,* 32 W. Va. 203, 9 S. E. 175; *Zinn* v. *Law,* 32 W. Va. 447, 9 S. E. 871; *Wood* v. *Harmison,* 41 W. Va. 376, 23 S. E. 560; *Horner* v. *Huffman,* 52 W. Va. 40, 43 S. E. 132; *Edwards Manufacturing Company* v. *Carr,* 65 W. Va. 673, 64 S. E. 1030. Money or property delivered by a wife to her husband or by a husband to his wife is, in a contest with a creditor of either, presumed to be a gift. *McGinnis* v. *Curry,* 13 W. Va. 29; *Zinn* v. *Law, supra; Bank* v. *Atkinson, supra; Horner* v. *Huffman, supra.* And to overcome that presumption, clear and satisfactory evidence is required.

Applying these authorities to the facts presented in this case, the conveyance made by H. D. Dunbar to Adelia McClung cannot be upheld, so far as it affects the claim of the plaintiff. The evidence clearly shows that the indebtedness for which the 6.2 acres of land was conveyed was originally due from Dunbar to J. O. McClung, and that it was equal to the full value of the property involved. The notes, which were the evidence of this indebtedness, were transferred by the husband to his wife, and were then utilized to secure a direct conveyance from Dunbar to the wife, the entire consideration for which being the notes so transferred. The transaction is easily traced and amounts to nothing more than a shifting to the wife of a substantial part of the estate of the husband to the prejudice of his existing creditors. Clearly, the consideration for the real estate conveyed to the wife was furnished by the husband at a time when his remaining property was insufficient to pay his indebtedness, and, under the circumstances of this case, the property so conveyed is subject to the claim of the plaintiff.

The transfer of the notes in question is attempted to be justified upon the furnishing of money by the wife to the husband, at various times over a period of nearly twenty years; but we are met by the well recognized rule that money or property furnished, under the circumstances shown by the evidence, is presumed to be a gift, in the absence of some note or memorandum or other clear proof that it was not so intended. The items in

connection with nurse, hospital and doctor bills, and hired help while caring for J. O. McClung were, according to the testimony of McClung himself, expended subsequent to the date of the transfer of these notes and can have no bearing on the transaction. The court erred in dismissing the plaintiff's bills, and in not setting aside the deed under attack, as to the plaintiff's judgment, and in not decreeing the tract of 6.2 acres to be sold therefor.

We have not considered it necessary to pass on the applicability of the provisions of Code, 48-3-15 to the facts presented, raised by the amended and supplemental bill and the demurrer thereto. The plaintiff being entitled to the relief prayed for under the allegations of the original bill, it seems unnecessary to discuss a doubtful question not required to be decided on a consideration of the case on its merits.

The decree of the circuit court of Greenbrier County is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*