NATIONAL LIFE INSURANCE COMPANY, *a corporation, v.* FRY R. HANNA, *Admr.*

(CC 617)

Submitted January 16, 1940. Decided January 30, 1940.

*Thomas B. Jackson* and *Brown, Jackson & Knight,* for plaintiff.

*Vincent V. Chaney,* for defendant.

MAXWELL, JUDGE:

In this cause the circuit court sustained the plaintiff's demurrer to the defendant's cross-bill-answer and certified the matter to this court for examination.

By its bill the plaintiff seeks to cancel, on the ground of fraudulent representations made by the insured in his application therefor, a policy of life insurance for the sum of $2,000.00 issued by the plaintiff October 7, 1937, to Nolan C. Hanna, who died about three months after acquiring the policy. With its bill the plaintiff has tendered to the defendant, administrator of the personal estate of the deceased, $127.97, inclusive of two items: (1) the sum of $63.42 with interest, covering the initial premium paid by the insured, and (2) the sum of $61.72, with interest, purporting to cover the second year's premium paid by the insured nearly a year before it was due.

The defendant does not controvert the plaintiff's right to cancellation of the policy on the ground set forth in the bill, nor is there challenge of the correctness of the offer to return the initial premium payment.

The controversy centers around the tender as applicable to the second premium. The disagreement lies in these facts as set forth affirmatively in the answer: At the time of the receipt by him of the above policy, Nolan C. Hanna was the owner of a policy of continued term life insurance in the sum of $2159.00 which he had procured from the plaintiff, and which would expire March 16, 1944; a few days subsequent to the issuance of the new policy of Octo-

ber 7, 1937, the insured surrendered to the plaintiff the earlier policy and received from its state agent, under date of October 20, 1937, the following receipt: "Received of Nolan C. Hanna Sixty-one and 72/100 Dollars ($61 72/100) for Premium deposit on policy 680711, payment being in form of surrender discharge on policy Number 496625." (The smaller number identifies the earlier policy mentioned above and the larger number the later one.)

The plaintiff takes the position that the tender of $61.72, with interest, is all that is required of it in respect of the second premium. Conversely, the defendant contends that this offer of restitution is not sufficient, and that the only way in which the plaintiff can place the insured's estate in *statu quo* regarding that premium is by reinstatement of the earlier policy. The prayer of the answer is that as a condition precedent to the cancellation of the second policy the plaintiff be required to reinstate the first one, in addition to refunding the initial premium on the second policy, with interest.

From the allegations of the answer it does not appear that the surrender of the old policy was connected with the issuance of the new one as inducement or otherwise. The relinquishment by the insured of his rights under the earlier policy, for an independent consideration, came a number of days after the transaction for the sale and purchase of the later one had been consumated, including delivery thereof and payment of the initial premium.

Since it is thus manifest, on the factual presentation of the answer, that the surrender of the older policy was not a factor in the procurement of the new one, the plaintiff in seeking cancellation of the later policy is only required to refund the premiums received on that policy, without taking into account the separate and subsequent transaction involving the surrender of the older policy. The rule that he who seeks equity must do equity requires that "any person demanding the rescission of a contract to which he is a party must restore or offer to restore to the other party *whatever he may have received under the contract* in the way of money, property, or other consider-

ation or benefit." (Italics supplied). 3 Black on Rescission and Cancellation (2d Ed.), sec. 617. Obviously, this requirement of restitution does not extend to collateral matters. *Malcolm* v. *Talley*, 89 W. Va. 531, 109 S. E. 613.

We affirm the ruling of the trial court in sustaining the demurrer to the answer.

*Affirmed.*