397 S.E.2d 416

**Juanita EVERLY**

v.

**John Casey PETERS.**

No. 18668.

Supreme Court of Appeals of
West Virginia.

Decided July 3, 1989.

Rehearing Denied Sept. 27, 1989.

Keith J. Pappas, Morgantown, for John
Casey Peters.

Clark B. Frame, Wilson, Frame & Metheney, Morgantown, for Juanita Everly.

PER CURIAM:

This is an appeal by John Casey Peters from a summary judgment order entered by the Circuit Court of Monongalia County declaring a lease held by him forfeited because of his failure to comply with certain covenants. In the present proceeding, the appellant claims that the trial court erred in granting summary judgment and in denying his motion for relief from it. After reviewing the record this Court disagrees and affirms the judgment of the Circuit Court of Monongalia County.

On July 20, 1979, Ralph F. Demain, the predecessor in interest of Juanita Everly, the appellee in this proceeding, leased a parcel of commercial real estate located in Morgantown, West Virginia, to the appellant, John Casey Peters. In the lease the appellant agreed, at his own cost and expense, to satisfy all municipal, state, and federal requirements, to maintain adequate fire and public liability insurance on the demised premises, and to pay all taxes levied against the premises.

Shortly before the filing of the present proceeding, the appellant allowed certain fire service fees against the property in the approximate amount of $2,000.00 to become delinquent, and he also failed to pay property taxes in the approximate amount of $3,000.00 levied against the property.

Because of the appellant's failure to pay the fire service fees and property taxes, as well as because of his alleged failure to maintain appropriate insurance on the property, Juanita Everly, the devisee of Ralph Demain, the original lessor of the property, instituted an action in the Circuit Court of Monongalia County to have the lease de-

clared forfeited. Ms. Everly alleged that the failure to pay property taxes and fire service fees and to maintain insurance constituted a material breach of the lease.

On August 5, 1987, the appellant filed an answer to the complaint. In the answer, he, in effect, admitted that he was delinquent in paying the fire fees, but he alleged that he had an agreement with the City of Morgantown to resolve the deficiency. He attached a copy of the agreement to the answer. He also admitted that at the time of the filing of the complaint the property taxes were delinquent, but he stated that such taxes had been fully paid and that any deficiency had been cured. He denied that he failed to maintain insurance against the premises and stated that he was insured by the United States Fire Insurance Company under Policy No. 2417442867.

After the filing of the pleadings in the action, Juanita Everly moved for summary judgment. In support of that motion she submitted an affidavit which indicated that even after the filing of the answer the 1986 property taxes levied and assessed against the property were delinquent and remained unpaid. She further stated that she made inquiry to the City of Morgantown with reference to the fire service fee which had been levied and assessed against the property and had been informed that they had not been paid, but that there was an agreement relating to the payment of deficiency. She indicated that she had not consented to that agreement and that the fire service fees constituted a lien against her property, and she took the position that under the terms of the lease the appellant was required to pay the fire service fee and that his failure to do so was a violation of his lease.

After taking the summary judgment motion under advisement, the circuit court, by order entered September 25, 1987, found that property taxes assessed against the property for 1986 in the amount of $3,681.97 had not been paid. The court also found that fire service fees due the City of Morgantown in the amount of $2,323.10 were due, owing, and delinquent

as of September 15, 1987. The court ruled that under the circumstances there was no genuine issue of fact as to the appellant's breaches of the lease and that, as a matter of law, by virtue of the breaches, the lease was terminated. The court concluded that the appellant had forfeited all his right, interest, and title in and to the premises.

After entry of the summary judgment order, the appellant, pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, moved that the court amend its findings and conclusions of law and direct entry of new judgment. In his motion, he indicated that he had incurred substantial debts in making improvements to the property, that he was not in arrears in his rent, and that to void the lease would create a hardship. He also alleged that the lease contained no forfeiture or default clauses and that there was no provision in the lease which would allow for any remedy in case there was a breach of his requirement to pay all municipal, federal, and state authorities. He took the position that the provision of the lease that he should pay all property taxes did not state when the taxes would be paid, and that to void the lease for his failure to pay the taxes, without actual harm to the appellee, was unduly burdensome. On November 5, 1987, the circuit court entered an order denying this motion.

In the present proceeding, the appellant claims that the trial court erred in granting the plaintiff's motion for summary judgment and in denying his motion for relief from the order granting summary judgment.

■ In *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court discussed the circumstances under which a trial court properly could grant summary judgment. The Court concluded in syllabus point 4 of the *Aetna* case that:

If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

■ It rather clearly appears in the present case that the appellant failed to

pay fire service fees against the leased premises as required in his lease. Although he later took the position that he had made an arrangement with the City of Morgantown for the gradual payment of those fees, he did not demonstrate, or even claim, that the fees had been actually paid. Public records also indicated that he failed to pay property taxes levied against the property.

The failure to pay fire service fees constituted a material breach of the appellant's lease agreement. There is no real factual dispute over the contents of the lease or over the appellee's assertion that the fire fees and taxes have not been paid. Although the lease does not contain a formal forfeiture clause specifically tied to the payment of taxes or fire service fees, it does make the appellant's right to have and hold the demised premises contingent upon his compliance with his covenants and agreements as set forth in the lease.

It has been recognized that the failure of a tenant to pay property taxes or assessments that he has obligated himself to pay can support the forfeiture of his lease. *Bolon v. Pennington,* 6 Ariz.App. 308, 432 P.2d 274 (1967); *Seventh Urban, Inc. v. University Circle Property Development, Inc.,* 67 Ohio St.2d 19, 423 N.E.2d 1070 (1981).

In view of the fact that the appellant obligated himself to pay the fire service fees and taxes, and since there is no real factual dispute over his failure to do so, the trial court properly granted summary judgment under the rule set forth in syllabus point 4 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York, Id.*

Although the appellant claims that the voiding of the lease will create hardship for him and that, under the circumstances, it would be inequitable to uphold the circuit court's ruling, this Court believes that the failure of the appellant to comply with the covenants of his lease presently affects the appellee's title to the property and creates the possibility that she will ultimately lose it.[1]

Although courts are loathe to declare a forfeiture, it is also recognized that he who seeks equity must do equity. *See, Alexander v. Andrews,* 135 W.Va. 403, 64 S.E.2d 487 (1951); *National Life Ins. Co. v. Hanna,* 122 W.Va. 36, 7 S.E.2d 52 (1940); *Malcolm v. Talley,* 89 W.Va. 531, 109 S.E. 613 (1921). In the present case, the appellant, in violation of his covenants, had allowed substantial charges to arise against the leased premises. Because he has been unwilling or unable to discharge those obligations, even after this institution of this action, this Court cannot conclude that he has done equity or that the trial court's declaration of forfeiture was inequitable or improper.

The judgment of the Circuit Court of Monongalia County is, therefore, affirmed.

Affirmed.

1. For example, the non-payment of property taxes creates a lien against the property. *W.Va. Code,* 11A–1–2. That lien may be enforced by the sheriff of the county by sale of the property. *W.Va.Code,* 11A–2–1, *et seq.*